**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JERROD DION HUEY,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | )      **Case No. 14-CV-344-TCK-PJC** |
| | ) |
| **ROBERT C. PATTON, Director,** | ) |
| | ) |
| **Respondent.** | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion

to dismiss petition for writ of habeas corpus as time barred by the statute of limitations or in the

alternative, to dismiss as unexhausted (Dkt. # 6). Respondent also filed a brief in support of the

motion (Dkt. # 7). Petitioner, a state inmate appearing pro se, failed to file a response to the motion

to dismiss. As discussed below, the Court finds that, to the extent Petitioner challenges his

convictions of Assault and Battery on a Police Officer, the petition is time barred. To the extent

Petitioner challenges his convictions of Murder in the First Degree and Unlawful Possession of a

Firearm by a Felon, his habeas claim is unexhausted. Therefore, Respondent's motion to dismiss

is granted and the petition is dismissed as set forth below.

### *BACKGROUND*

The record reflects that, in Tulsa County District Court, Case No. CF-2011-1026, Petitioner

was charged with First Degree Murder (Count 1), Possession of a Firearm After Former Conviction

of a Felony (Count 4), and two counts of Assault and Battery on a Police Officer (Counts 2 and 3).

See Dkt. # 7-5 at 4. Prior to trial, the district judge granted Petitioner's motion to sever Counts 2

and 3. Id. at 19. On January 12, 2012, at the conclusion of a two stage jury trial, Petitioner was

found guilty of Counts 1 and 4. Id. at 22. On February 27, 2012, the trial judge sentenced Petitioner

in accordance with the jury's recommendation to life imprisonment with the possibility of parole (Count 1) and five (5) years imprisonment (Count 4), to be served consecutively. Id. at 25.

On January 20, 2012, Petitioner was convicted on his pleas of nolo contendere to the severed two counts of Assault and Battery on a Police Officer (Counts 2 and 3). (Dkt. # 7-1). On February 27, 2012, Petitioner was sentenced to five (5) years imprisonment on each count, to be served concurrently with each other and concurrently with Count 1. (Dkt. # 7-2; Dkt. # 7-5 at 25). As noted by Respondent, the Judgments and Sentences as to Counts 2 and 3 were not signed until February 28, 2012. (Dkt. # 7-2). Petitioner did not move to withdraw his pleas of nolo contendere and did not perfect a certiorari appeal to the Oklahoma Court of Criminal Appeals (OCCA). Petitioner was represented at trial and during plea proceedings by attorney Shena Burgess.

Petitioner appealed his convictions on Counts 1 and 4 to the OCCA. Represented by attorney Stuart W. Southerland, he raised two (2) propositions of error, as follows:

Proposition One: The evidence discovered as a result of Appellant's unlawful arrest in violation of the Fourth Amendment should have been suppressed.
a) The gun seized at the time of Appellant's arrest should have been suppressed.
b) Appellant's confession, obtained approximately twelve hours after his arrest, must be suppressed as "fruit of the poisonous tree."

Proposition Two: It was reversible error for the court to refuse defense counsel's request for an exculpatory statement instruction.

(Dkt. # 7-3). In an unpublished summary opinion, filed August 2, 2013, in Case No. F-2012-189 (Dkt. # 7-4), the OCCA affirmed the Judgment and Sentence of the district court. Petitioner did not file a petition for writ of certiorari at the United States Supreme Court nor has he sought post-conviction relief in the state courts as to his convictions on Counts 1 and 4.

On June 23, 2014, Petitioner filed his federal petition for writ of habeas corpus (Dkt. #1).

He identifies one ground of error, as follows:

> Ground One: Ineffectiveness of counsel.
> Supporting facts: Failed to put witness on the stand. Did not have court's [sic] to run DNA from crime scene. More than one suspect named and not questioned. Background of officers withheld.

(Id. at 5). In response to the petition, Respondent filed a motion to dismiss (Dkt. # 6). Respondent

states that Petitioner's claim is less than clear and asserts that, to the extent Petitioner alleges he

received ineffective assistance of counsel during his jury trial proceedings, his claim is unexhausted

and that, to the extent Petitioner claims he received ineffective assistance of counsel during his plea

proceeding, the claim is time barred. See Dkt. # 7.

## *ANALYSIS*

### A. Claim of ineffective assistance of counsel at trial is unexhausted

In the habeas corpus context, the United States Supreme Court "has long held that a state

prisoner's federal petition should be dismissed if the prisoner has not exhausted available state

remedies as to any of his federal claims." Coleman v. Thompson, 501 U.S. 722, 731 (1991); 28

U.S.C. § 2254(b)(1)(A). The exhaustion requirement is based on the doctrine of comity. Rose v.

Lundy, 455 U.S. 509, 518-19 (1982). Requiring exhaustion "serves to minimize friction between

our federal and state systems of justice by allowing the State an initial opportunity to pass upon and

correct alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454 U.S. 1, 3 (1981)

(per curiam).

In order to exhaust a claim, the applicant "must 'fairly present' his claim in each appropriate

state court . . . , thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541

U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam)); see

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (explaining that the exhaustion requirement dictates that a § 2254 petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review by the State's highest court). "The exhaustion requirement is satisfied if the issues have been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." Brown v. Shanks, 185 F.3d 1122, 1124 (10th Cir. 1999) (internal quotation marks omitted).

The burden of proving exhaustion rests with the prisoner. See Olson v. McKune, 9 F.3d 95, 95 (10th Cir. 1993). An exception to the exhaustion doctrine exists if it is clear that the state courts would impose a procedural bar on the petitioner's claims. Coleman, 501 U.S. at 731-32. If an applicant has failed to exhaust state remedies and state courts "would now find the claims procedurally barred[,] the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." Thomas v. Gibson, 218 F.3d 1213, 1221 (10th Cir. 2000) (internal quotation marks omitted); accord Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997); see also Woodford v. Ngo, 548 U.S. 81, 92-93 (2006) ("In habeas, state-court remedies are described as having been 'exhausted' when they are no longer available, regardless of the reason for their unavailability . . . . [I]f the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding.").

After a review of the petition and the state record provided by Respondent, the Court finds that, to the extent Petitioner challenges his convictions on Counts 1 and 4, he failed to present his claim of ineffective assistance of counsel to the state courts prior to commencing this federal habeas action and the claim is unexhausted. In addition, Petitioner has an available state court remedy for

his claim of ineffective assistance of counsel: he may present the claim in an application for post-conviction relief filed in Tulsa County District Court, Case No. CF-2011-1026. Under state law, Petitioner will be required to demonstrate "sufficient reason" for his failure to raise the claim of ineffective assistance of counsel on direct appeal. Okla. Stat. tit. 22, § 1086 (providing that "[a]ny ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application"). Should the state district court deny the requested relief, Petitioner must perfect a post-conviction appeal to the OCCA to complete the exhaustion process. Should the OCCA affirm the denial of post-conviction relief, Petitioner may then file a new petition for writ of habeas corpus in this federal court raising only exhausted claims. Any new federal petition must be filed within the time remaining in the one year limitations period, if any. See 28 U.S.C. § 2244(d).[1]

In summary, to the extent the single claim raised in this petition challenges the convictions entered on Counts 1 and 4, the claim is unexhausted. Therefore, Respondent's motion to dismiss based on Petitioner's failure to exhaust state remedies shall be granted. As a result of Petitioner's failure to exhaust state remedies, the petition shall be dismissed without prejudice as to any claim of ineffective assistance of counsel with respect to the convictions on Counts 1 and 4.

**B. Claim of ineffective assistance of counsel during plea process is time barred**

---

[1]Petitioner is advised that the one-year period applicable any claim challenging Counts 1 and 4 has **not** been tolled, or suspended, during the pendency of this federal habeas corpus action. See § 2244(d)(2); Duncan v. Walker, 533 U.S. 167 (2001) (holding that application for federal habeas corpus review is not "application for State post-conviction or other collateral review," within meaning of tolling provision of the Antiterrorism and Effective Death Penalty Act (AEDPA)).

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996,

established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a

prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B),

(C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state

application for post-conviction relief properly filed during the limitations period. 28 U.S.C. §

2244(d)(2).

Because Petitioner failed to file a motion to withdraw his pleas of nolo contendere in Case

No. CF-2011-1026, his convictions on Counts 2 and 3 became final ten (10) days after the February

28, 2012, pronouncement of his Judgment and Sentence, or on March 9, 2012. See Rule 4.2, Rules

of the Court of Criminal Appeals (requiring the defendant to file an application to withdraw plea of

guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in

order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his convictions on Counts 2 and 3 began to run under § 2244(d)(1)(A) on March 10, 2012.  Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011). Absent a tolling event, a federal petition for writ of habeas corpus filed after Monday, March 11, 2013, would be untimely.  United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). Petitioner commenced this action on June 23, 2014,  or more than one (1) year beyond the deadline.  Absent either statutory or equitable tolling, the petition is time-barred as to Counts 2 and 3.

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the one-year period, 28 U.S.C. § 2244(d)(2), Petitioner has not sought post-conviction relief in the state courts. He is not entitled to statutory tolling under § 2244(d)(2).

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling.  See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).  To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir.2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304,

1307 (11th Cir. 2008)). Petitioner did not file a response to the motion to dismiss and nothing in the record suggests that he is entitled to equitable tolling. Petitioner makes no argument and cites no evidence demonstrating that his delay was due to extraordinary circumstances beyond his control. Petitioner is not entitled to equitable tolling.

To the extent Petitioner challenges his convictions on Counts 2 and 3, he failed to file his petition for writ of habeas corpus within the one-year limitations period. Therefore, Respondent's motion to dismiss is granted and any claim challenging the convictions on Counts 2 and 3 is dismissed with prejudice.

### Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural rulings resulting in the dismissal of this action based on Petitioner's failure to exhaust available state remedies and the statute of limitations are debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 6) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed** as follows:

   a. To the extent Petitioner challenges his convictions on Counts 1 and 4, entered in Tulsa County District Court, Case No. CF-2011-1026, the petition is **dismissed without prejudice** based on Petitioner's failure to exhaust available state remedies.

   b. To the extent Petitioner challenges his convictions on Counts 2 and 3, entered in Tulsa County District Court, Case No. CF-2011-1026, the petition is **dismissed with prejudice** as time barred.

3. A certificate of appealability is **denied**.

4. A separate judgment shall be entered in this matter.

   **DATED** this 29th day of October, 201⁴

<br>

TERENCE C. KERN
United States District Judge